2153536

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

### Case No. 2022 030229 CICI

PETE KLONARIS,

     Plaintiff,

v.

DAVID ZABRISKIE,

     Defendant.

_____/

## <u>NOTICE OF/PETITION FOR REMOVAL OF CIVIL ACTION</u>

COMES NOW, the Defendant, DAVID ZABRISKIE, by and through the undersigned counsel, pursuant to 28 U.S.C. §§1332, 1441 and 1446, hereby removes this lawsuit from the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division. The grounds for removal are as follows:

## <u>INTRODUCTION</u>

This negligence action was filed by the Plaintiff on February 18, 2022 in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida. The Complaint was served upon the Defendant on April 8, 2022. The Plaintiff is seeking damages as a result of an automobile accident on February 23, 2020 in Ormond Beach, Volusia County Florida.

In a letter dated June 16, 2021 Plaintiff demanded $1,000,000. Therefore, the amount in controversy requirement for diversity jurisdiction has been satisfied. Attached as Exhibit "A" are the first and last pages of the demand. (Defendant is purposely only filing the first and last pages of the demand so as not to include Plaintiff's medical information but will file the entire document should the Court request it.) In light of the diversity among the parties with the Plaintiff being domiciled in and a citizen of Florida, as evidenced by Paragraph 2 of the Complaint, and the Defendant being a citizen of the state of New York, as evidenced by Paragraph 3 of the Complaint, the Defendant respectfully petitions the Court to accept jurisdiction over the above-captioned matter.

## I.    NOTICE OF NON-WAIVER OF CHALLENGE TO SERVICE OF PROCESS AND VENUE

Notice is hereby given that the Defendant makes a limited appearance in this case for the purpose of removing this lawsuit to the United States District Court for the Middle District of Florida, without waiving their right to file an appropriate motion challenging venue. The Defendant may file a motion challenging venue, pursuant to 28 U.S.C. §1404. The filing of this Notice of Removal shall in no way be deemed a waiver of the Defendant's right to challenge venue.

## II.    <u>GROUNDS FOR REMOVAL</u>

The Court has original jurisdiction over this action under 28 U.S.C. §1332 (a)(1)[1]

This action is removable under 28 U.S.C. §1441(a)[2], in that it is a civil action between

citizens of different states and the matter in controversy exceeds the sum of $75,000,

exclusive of interest and costs.

## III.    DIVERSITY JURISDICTION

### A.    Citizenship Requirement

#### 1.    Defendant, DAVID ZABRISKIE, is a Citizen of New York.

Defendant, DAVID ZABRISKIE, is domiciled at 24 Hayes Street, Lake Placid, NY

82456.  Accordingly, the Defendant is a citizen of New York for purposes of diversity

jurisdiction.  28 U.S.C. §1332(c)(1).

---

[1] The relevant portions of 28 U.S.C. §1332 provide:

    (a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

        (1)      citizens of different States;

    28 U.S.C. §1332.

[2] The relevant portions of 28 U.S.C. §1441 provide:

    (a)  Generally.

    Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the Defendant, to the district court of the United States or the district and division embracing the place where such action is pending.

    28 U.S.C. §1441.

**2.      Plaintiff, PETE KLONARIS, is a citizen of Florida.**

The Plaintiff sets forth in the Complaint that they are a resident of the state of Florida.

**B.      Amount in Controversy**

Plaintiff's demand dated June 16, 2021 demanded $1,000,000.  Based upon the foregoing, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs such that the threshold requirement of 28 U.S.C. §1332 is met.

## IV.      <u>THE PETITION FOR REMOVAL IS TIMELY</u>

Pursuant to 28 U.S.C. § 1446 (b)(1), a notice of removal shall be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based.

On February 18, 2022, the Plaintiff filed their Complaint in Volusia County Circuit Court and the Complaint was served upon the Defendant on April 8, 2022.  Attached as Exhibit "B" is a copy of the Summons served on the Defendant.  As the Defendant was served on April 8, 2022 and this Petition is being filed less than thirty (30) days later on April 13, 2022, this Notice of/Petition for Removal is timely.

## V.      <u>NOTICE HAS BEEN GIVEN AND STATE COURT PAPERS HAVE BEEN FILED</u>

28 U.S.C. §1446(a) requires that a copy of all process, pleadings, orders and other papers or exhibits on file in the circuit court be attached to this Notice.  As of the filing of

this Notice, the circuit court file is attached hereto as Composite Exhibit "C," including the following documents and papers:

- Circuit Court Docket Report;

- Civil Cover Sheet;

- Complaint;

- Plaintiff's Designation of Electronic Mail Addresses;

- Plaintiff's Notice of Service of Interrogatories;

- Plaintiff's Request for Production to Defendant;

- Plaintiff's Request for Admissions;

- Plaintiff's Notice of Service of Case Management Order;

- Summons to David Zabriskie;

- Alias Summons to David Zabriskie;

- Defendant's Notice of Appearance and Designation of Email Addresses; and

- Defendant's Motion to Compel Deposition of Plaintiff.

In addition, the Defendant is contemporaneously filing a copy of this Notice with the Clerk of the Seventh Judicial Circuit in and for Volusia County, Florida, as required by 28 U.S.C. §1446(d), and will give notice to all parties of this Notice of Removal.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "C."

## VI.    **CONSENT OF DEFENDANT**

The Defendant that is filing the Notice of Removal is the only Defendant and thus no other consent is necessary.

CASE NO. 2022 030229 CICI
PAGE 6

**VII.**    **CONCLUSION**

Because this civil action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1).

DATED:  April 13, 2022.

Respectfully submitted,

_/s/_ **Michael Kraft**

Michael Kraft, Esquire
Florida Bar No.:  85596
mkraft@conroysimberg.com
Conroy Simberg
201 East Kennedy Blvd., Suite 900
Tampa, FL 33602
(813) 273-6464
(813) 273-6465
Attorney for Defendant, David Zabriskie

CASE NO. 2022 030229 CICI
PAGE 7

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on <u>April 13, 2022</u>, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system.  I further certify that the foregoing document

is being served this day on all counsel of record or pro se parties identified on the attached

Service List in the manner specified, either via transmission of Notices of Electronic Filing

generated by CM/ECF or in some other authorized manner for those counsel or parties who

are not authorized to receive electronically Notices of Electronic Filing.

  /s/ *Michael Kraft*

Michael Kraft, Esquire
Florida Bar No.:  85596
mkraft@conroysimberg.com
Conroy Simberg
201 East Kennedy Blvd., Suite 900
Tampa, FL 33602
(813) 273-6464
(813) 273-6465
Attorney for Defendant, David Zabriskie



# RUE & ZIFFRA
**ATTORNEYS & COUNSELORS AT LAW**

**ATTORNEYS:**

ALLAN L. ZIFFRA

LUIS R. GRACIA*

DAVID L. SWEAT

KIM E. BOUCK

DARREN COLEMAN

EDWARD S. RUE

MATTHEW J. MITCHELL

ROMAN DIVEEV

ALFRED WASHINGTON, JR.

AMANDA E. WRIGHT

RICK KOLODINSKY**

JOHN D. RUE***

---

\* *Board Certified in Social Security Disability Law by the National Board of Legal Specialty Certification*

\*\* *Of Counsel*

\*\*\* *Founder*

---

**SEND ALL MAIL TO MAIN OFFICE:**

**PORT ORANGE**
632 DUNLAWTON AVE.
PORT ORANGE, FL 32127
(386) 788-7700
(386) 788-8707 (FAX)

**PALM COAST OFFICE**
(386)439-0249

**DELAND OFFICE**
(386)734-5900

**NEW SMYRNA BEACH**
(386)427-2220

**TOLL FREE**
(800) 526-4711

RUEZIFFRA.COM
ATTORNEYSFORBIKERS.COM

---

June 16, 2021

**SENT EMAIL - claims@preferredmutual.com**

David A. Zabriskie
Claim Representative
Preferred Mutual Insurance Company
Post Office Box 419669
Boston, MA 02241

|  | | |
|---|---|---|
| RE: | Our Client: | Pete & Faye Klonaris |
|  | Our File Number: | 40982 & 40983 |
|  | Date of Accident: | February 23, 2020 |
|  | Your Insured: | Janice McKay |
|  | Your Claim Number: | 20103416 |

**==ALL PERTINENT DOCUMENTS ARE ON THE DVD ATTACHED TO THIS DEMAND==**

Dear Mr. Zabriskie:

This letter and the information below are being provided to you at this time in the hope that an amicable settlement can be reached. This information may not be used at a later trial or arbitration without prior written consent from the Plaintiff, nor may it be construed as an admission against interest or party.

## LIABILITY

The subject collision occurred on February 23, 2020, at the intersection of North Halifax Drive and Neptune Avenue in Ormond Beach, Florida. My clients were heading west on Neptune Avenue and were entering the above intersection after stopping at the 4-way stop sign. David Zabriskie, the driver of the Preferred Mutual insured vehicle, was heading north on N. Halifax Drive and ran the 4-way stop driving directly into the driver's side of my clients' vehicle.

**The investigating officer found Mr. Zabriskie at fault for the accident and cited him with running a stop sign. The resulting impact caused over $35,000.00 in property damage to my clients' 2019 BMW X3 Sport, making it a total loss.**

Exhibit "A"

RE:    Our Client:           Pete & Faye Klonaris
       Our File Number:      40982 & 40983
       Date of Accident:     February 23, 2020
       Your Insured:         Janice McKay
       Your Claim Number: 20103416                                        Page 15

_____

       Psychology - 4 visits a yr times $185 for 19 years        **$14,060.00**
       Cognitive Rehab - 12 visits a yr times $125 for 5 years   **$7,500.00**

**TOTAL SPECIAL DAMAGES**                                        **$143,208.90**


### COLLATERAL SOURCES AND SUBROGATION

Amica Insurance, Mr. and Mrs. Klonaris's PIP carrier has paid $6,169.01 of Mrs. Klonaris's
medical bills and 10,000.00 of Mr. Klonaris's medical bills, exhausting their benefits. Medicare
and Florida Blue, their health insurance carriers have paid $450.48 and $122.55 respectively on
Mrs. Klonaris's behalf.  The health insurance carriers maintain subrogation rights and currently
have liens in those amounts.


### DEMAND

I have enclosed all medical records, bills and diagnostic reports for your review and to document
your file.  We feel that we have provided Preferred Mutual Insurance with enough information to
justify them paying $100,000.00 for Mrs. Klonaris's injuries and paying $1,000,000.00 for Mr.
Klonaris's injuries by 2:00 p.m. on Friday, July 16, 2021.   Any settlement is condition upon UM
authority from GEICO Insurance. "Tender" means receipt of your draft in our office by the date
and time specified above. Our Tax I.D.# is 59-3154090.  If your draft is not received by the date
and time specified above, **our demand will be automatically withdrawn**.   If you need any
additional information to evaluate this claim or document your file, you may request this
information within the next 10-15 days.


Very truly yours,
RUE, & ZIFFRA



Allan L. Ziffra, Esquire
ALZ/lac
Enclosures:    All Medical Records and Bills
               PIP Payout Ledger
               Health Insurance Lien Ledgers

## IN THE CIRCUIT/COUNTY COURT IN AND FOR VOLUSIA COUNTY, FLORIDA

**Judge** : Mary G. Jolley - Div. 32
**Case No** : 2022 30229 CICI

PETE KLONARIS                            -vs-                            DAVID ZABRISKIE
**Plaintiff(s),**                                                          **Defendant(s).**

## ALIAS SUMMONS

### THE STATE OF FLORIDA:
### TO EACH SHERIFF OF THE STATE:

YOU ARE HEREBY COMMANDED to serve this ALIAS summons and a copy of the   complaint or petition in the above styled cause upon the defendant(s):

         DAVID ZABRISKIE
         15 CONCORD DRIVE
         ORMOND BEACH, FL 32176

A lawsuit has been filed against you. You have 20 calendar days after this ALIAS summons is served on you to file a written response to the attached   complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken, without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's attorney" named below:

         ALLAN L ZIFFRA
         RUE & ZIFFRA
         632 DUNLAWTON AVE
         PORT ORANGE, FL 32127

**DATED : March 25, 2022**

Fwd to Pltfs Atty via eservice for sop

**LAURA E. ROTH**
**CLERK OF CIRCUIT/COUNTY COURT**

3/25/2022 8:51:40 AM 2022 30229 CICI

3/25/2022 8:51:40 AM 2022 30229 CICI

**By :** Carey Annunziata**, Deputy Clerk**

CL-0374-1612                                    (See reverse side for Spanish and French portion.)

Exhibit "B"

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de centribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucum preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un servcie de reference d'avocats ou a un bureau d'assitsance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expediere une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

## ADDRESS OF THE CLERK OF THE CIRCUIT COURT

LAURA E. ROTH
CLERK OF THE COURT
P.O. BOX 6043
DELAND, FL 32721-6043

If English is not your native language and you need assistance understanding the court's proceedings, you will need to bring someone to interpret for you as this service is not provided by the court.

Si el inglés no es su lengua materna y va a necesitar ayuda para entender el proceso judicial, tendrá que traer a alguien para que le interprete ya que el tribunal no ofrece este servicio.

C██████

Case Management Inquiry Docket Report Generated on Wed Apr 13 2022 11:48:28 GMT-0400 (Eastern Daylight Time)

**Case Information**

| | | |
|---|---|---|
| **Case Number:** 2022 30229 CICI | **Case Style:** PETE KLONARIS V. DAVID ZABRISKIE | **Div:** 32 - Mary G. Jolley | **Status:** OPEN |
| **Case Type:** CIRCUIT CIVIL | **Category:** AUTO NEGLIGENCE | | **Security: PUBLIC** |

| Date | Doc. # | Docket Type | Description | View |
|---|---|---|---|---|
| 04/12/2022 | 14 | MOTION TO COMPEL | depo of Pltf by David Zabriskie | |
| 04/08/2022 | 13 | NOTICE OF APPEARANCE | of Michael Kraft Esq obo David Zabriskie w/designation | |
| 03/25/2022 | 12 | TWENTY DAY SUMMONS | ALIAS To DAVID ZABRISKIE Fwd to Pltfs Atty via eservice for sop | |
| 03/17/2022 | 11 | REQUEST FOR ALIAS SUMMONS | to David Zabriskie | |
| 03/17/2022 | 10 | RETURNED SUMMONS UNEXECUTED | David Zabriskie | |
| 02/21/2022 | 9 | TWENTY DAY SUMMONS | To DAVID ZABRISKIE fwd to pltfs atty via eservice for SOP | |
| 02/18/2022 | 8 | REQUEST SUMMONS | to David Zabriskie | |
| 02/18/2022 | 7 | NOTICE OF SERVICE | CMO by Pete Klonaris | |
| 02/18/2022 | 6 | REQUEST FOR ADMISSIONS | to David Zabriskie by Pete Klonaris | |
| 02/18/2022 | 5 | REQUEST TO PRODUCE | to David Zabriskie by Pete Klonaris | |
| 02/18/2022 | 4 | NOTICE OF SERVICE OF INTERROGATORIES | to David Zabriskie by Pete Klonaris | |
| 02/18/2022 | 3 | DESIGNATION OR NOTICE OF EMAIL ADDRESS | by Allan L Ziffra | |
| 02/18/2022 | 2 | COMPLAINT | | |
| 02/18/2022 | 1 | CIVIL COVER SHEET | | |

Composite Exhibit "C"

**FORM 1.997   Civil Cover Sheet**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes §25.075.

**I.     CASE STYLE**

IN THE CIRCUIT COURT FOR THE SEVENTH JUDICIAL CIRCUIT, IN AND FOR VOLUSIA COUNTY, FLORIDA

Plaintiff PETE KLONARIS

vs.

Defendant DAVID ZABRISKIE

**II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar.  The estimated amount of the claim is requested for data collection and clerical processing purposes only.  The amount of the claim shall not be used for any other purposes.

|         |                      |
|---------|----------------------|
| _____  | $8,000 or less       |
| _____  | $8,001 - $30,000     |
| X_____ | $30,001 - $50,000    |
| _____  | $50,001 - $75,000    |
| _____  | $75,001 - $100,000   |
| _____  | Over $100,000.00     |

**III.     TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.)  If the most descriptive label is a subcategory (is indented under a broader category), place an X on both the main category and subcategory lines.

**CIRCUIT CIVIL**

_____Condominium
_____Contracts and indebtedness
_____Eminent domain
X____Auto negligence
_____Negligence -- other
         _____ Business governance
         _____ Business torts
         _____ Environmental/Toxic tort
         _____ Third party indemnification
         _____ Construction defect
         _____ Mass tort

2022 30229 CICI

_____ Negligent security
_____ Nursing home negligence
_____ Premises liability – commercial
_____ Premises liability – residential
_____ Products liability
_____ Real property/Mortgage foreclosure
_____ Commercial foreclosure
_____ Homestead residential foreclosure
_____ Non-homestead residential foreclosure
_____ Other real property actions
_____ Professional malpractice
_____ Malpractice – business
_____ Malpractice – medical
_____ Malpractice – other professional
_____ Other
_____ Antitrust/Trade regulation
_____ Business transactions
_____ Constitutional challenge – statute or ordinance
_____ Constitutional challenge – proposed amendment
_____ Corporate Trusts
_____ Discrimination – employment or other
X ____ Insurance claims
_____ Intellectual property
_____ Libel/slander
_____ Shareholder derivative action
_____ Securities litigation
_____ Trade secrets
_____ Trust litigation

## COUNTY CIVIL

_____ Civil
_____ Real property/Mortgage foreclosure
_____ Replevins
_____ Evictions
_____ Residential Evictions
_____ Non-residential Evictions
_____ Other civil (non-monetary)


**IV.   REMEDIES SOUGHT** (check all that apply):
   X____ Monetary;
   _____ Nonmonetary declaratory or injunctive relief;
   _____ Punitive


**V.   NUMBER OF CAUSES OF ACTION**;   [ 1 ]
   (Specify): Automobile Accident


**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
   _____ Yes

X_____ No

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   X_____ No
   _____ Yes    If "yes", list all related cases by name, case number, and court.
   _____
   _____

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
   X_____ Yes
   _____ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature_____    Fla. Bar #   0749265_____
   Attorney or party                                            (Bar # of attorney)

Allan L. Ziffra_____    02/18/2022_____
(type or print name)                                          (Date of Filing)

IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT, IN AND FOR
VOLUSIA COUNTY, FLORIDA

CASE NO.:
DIVISION:

PETE KLONARIS,

      Plaintiff,

vs.

DAVID ZABRISKIE,

      Defendant.

_____/

## **COMPLAINT**

COMES NOW, the Plaintiff, PETE KLONARIS, by and through the undersigned counsel, and hereby sues the Defendant, DAVID ZABRISKIE, and alleges as follows:

1.      This is an action for damages in excess of Thirty Thousand One Dollar ($30,001.00), exclusive of interest, attorneys' fees, and costs (the estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff entered "$30,001.00" on the Civil Cover Sheet for the "estimated amount of the claim," as required in the preamble to the Civil Cover Sheet, for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the Civil Cover Sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.      At all times material hereto, the Plaintiff, PETE KLONARIS, was a resident of Ormond Beach, Volusia County, Florida.

3.      At all times material hereto, the Defendant, DAVID ZABRISKIE, was a resident of Lake Placid, Essex County, New York.

4.      The motor vehicle collision, which is the basis of this action, occurred in Ormond Beach, Volusia County, Florida.

2022 30229 CICI

5.      On or about February 23, 2020, Defendant, DAVID ZABRISKIE, owned and operated a 2017 Toyota Sienna Motor vehicle in or near the intersection North Halifax Drive and Neptune Avenue in Ormond Beach, Volusia County, Florida.

6.      At the above-mentioned time and place, Defendant, DAVID ZABRISKIE, negligently operated or maintained the 2017 Toyota Sienna Motor vehicle so that it collided with the 2019 BMW motor vehicle owned and operated by Plaintiff, PETE KLONARIS.

7.      As a result, the Plaintiff, PETE KLONARIS, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, PETE KLONARIS, demands judgment against the Defendant, DAVID ZABRISKIE, for damages in excess of Thirty Thousand One Dollar ($30,001.00) exclusive of interest, attorney's fees, and costs, and the Plaintiff demands a trial by jury.

RUE & ZIFFRA

Allan L. Ziffra, Esquire
632 Dunlawton Avenue
Port Orange, FL 32127
Phone: (386) 788-7700
FBN: 0749265
Primary email: aziffra@rueziffra.com
                  amberm@rueziffra.com
Attorney for the Plaintiff

IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT, IN AND FOR
VOLUSIA COUNTY, FLORIDA

CASE NO.:
DIVISION:

PETE KLONARIS,

     Plaintiff,

vs.

DAVID ZABRISKIE,

     Defendant.

_____/

## DESIGNATION OF ELECTRONIC MAIL ADDRESSES

Pursuant to Florida Rule of Judicial Administration 2.516, effective September 1, 2012,

the undersigned hereby designates the following email addresses for purpose of service of all

documents required to be served pursuant to Florida Rule of Judicial Administration 2.516 in this

proceeding:

     **Primary E-mail Address: AZIFFRA@RUEZIFFRA.COM**
     **Alt. E-mail Address:    AMBERM@RUEZIFFRA.COM**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served together
with the Complaint.

RUE & ZIFFRA

_____
Allan L. Ziffra, Esquire
632 Dunlawton Avenue
Port Orange, FL 32127
Phone: (386) 788-7700
FBN: 0749265
Primary email: aziffra@rueziffra.com
             amberm@rueziffra.com
Attorney for the Plaintiff

IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT, IN AND FOR
VOLUSIA COUNTY, FLORIDA

CASE NO.:
DIVISION:

PETE KLONARIS,

     Plaintiff,

vs.

DAVID ZABRISKIE,

     Defendant.

_____/

## NOTICE OF SERVICE OF INTERROGATORIES

     PLEASE TAKE NOTICE that the original and copy of Interrogatories numbered 1 - 24

have been served upon the Defendant, DAVID ZABRISKIE, by furnishing same together with the

Complaint herein.

                          RUE & ZIFFRA

                          _____
                          Allan L. Ziffra, Esquire
                          632 Dunlawton Avenue
                          Port Orange, FL 32127
                          Phone: (386) 788-7700
                          FBN: 0749265
                          Primary email: aziffra@rueziffra.com
                                        amberm@rueziffra.com
                          Attorney for the Plaintiff

IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT, IN AND FOR
VOLUSIA COUNTY, FLORIDA

CASE NO.:
DIVISION:

PETE KLONARIS,

      Plaintiff,

vs.

DAVID ZABRISKIE,

      Defendant.

_____/

## INTERROGATORIES TO DEFENDANT

      In accordance with Fla.R.Civ.P. Rule 1.340, the Defendant, DAVID ZABRISKIE, is hereby required to serve upon the Plaintiff, under oath and in writing, within forty-five (45) days from the date of service hereof, answers to the following Interrogatories in the space provided after each. (If the space provided for answers is insufficient, additional pages may be attached, giving particular reference to the number of the Interrogatory being answered.) Answers to the Interrogatories may be signed and sworn to in the space provided on the last page hereof. Upon serving the answers to the Interrogatories on the respective parties to this cause, such service may be certified in the space provided below.

## INTERROGATORIES TO THE DEFENDANT, DAVID ZABRISKIE

Florida Rules of Civil Procedure Standard Interrogatories

(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)

1.   What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.   List all former names and when you were known by those names. State all addresses where you have lived for the past ten years, the dates you lived at each address, your social security number, and your date of birth.

3.   Have you ever been convicted of a crime, other than juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one year, or that involved dishonesty or a false statement regardless of the punishment?  If so, state as to each conviction, the specific crime and the date and place of conviction.

4.   Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in the plaintiff's complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

5.   Describe in detail how the incident described in the Complaint happened, including all actions taken by you to prevent the incident.

6.  Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

7.  State the facts upon which you rely for each affirmative defense in your answer.

8.  Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

9.  Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the complaint? If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

10. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

11.     Have you heard or do you know about any statement or remark made by or on behalf of
        any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so,
        state the name and address of each person who made the statement or statements, the name
        and address of each person who heard it, and the date, time, place and substance of each
        statement.

12.     State the name and address of every person known to you, your agents, or your attorneys
        who has knowledge about, or possession, custody, or control of, any model, plat, map,
        drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved
        in this controversy; and describe as to each, what item such person has, the name and
        address of the person who took or prepared it, and the date it was taken or prepared.

13.     Do you intend to call any expert witnesses at the trial of this case?  If so, state as to each
        such witness the name and business address of the witness, the witness' qualifications as
        an expert, the subject matter upon which the witness is expected to testify, the substance
        of the facts and opinions to which the witness is expected to testify, and a summary of the
        grounds for each opinion.

14.     Have you made an agreement with anyone that would limit that party's liability to anyone
        for any of the damages sued upon in this case? If so, state the terms of the agreement and
        the parties to it.

15.     Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other
        than the present matter, and if so, state whether you were plaintiff or defendant, the nature
        of the action, and the date and court in which such suit was filed.

16.  Do you wear glasses, contact lenses, or hearing aids? If so, who prescribed them, when were they prescribed, when were your eyes or ears last examined and what is the name of the examiner?

17.  Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the Complaint? If so, what was the nature of the infirmity, disability or sickness?

18.  Did you consume any alcoholic beverages or take any drugs or medications within twelve (12) hours before the time of the incident described in the Complaint? If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed and when and where you consumed them.

19.  Did any mechanical defect in the motor vehicle in which you were riding at the time of the incident described in the Complaint contribute to the incident? If so, describe the nature of the defect and how it contributed to the incident.

20.  List the name and address of all persons, corporations, or entities who were registered title owners or who had ownership interest in, or right to control, the motor vehicle that the defendant driver was driving at the time of the incident described in the complaint; and describe both the nature of the ownership interest or right to control the vehicle, and the vehicle itself, including the make, model, year and vehicle identification number.

21. At the time of the subject motor vehicle collision as described in the Complaint, did you have permission to operate the vehicle you were operating and as is described further in the Complaint? If so, state the names and addresses of all persons who had such permission.

22. At the time of the subject motor vehicle collision as described in the Complaint, were you engaged in any mission or activity for any other person or entity, including any employer? If so, state the name and address of that person or entity and the nature of the mission or activity.

23. Was the motor vehicle that you were driving at the time of the subject motor vehicle collision as described in the Complaint damaged in the incident, and if so, what was the cost to repair the damage?

24. Did you, at the time of the subject collision, own, maintain or have the use of, access to or benefit of an account for cellular, wireless or similar such mobile communications devices? If your response is in the affirmative, please identify the name and address of all cellular, wireless or mobile communication device service providers, the approximate date your service with said provider began and whether or not it continues to this day (in the event it has since been terminated, please identify the approximate date of said termination), whether such cellular, wireless or mobile communication device was present or near your person at the time the accident occurred, whether it was in use at the time the subject accident occurred, and if it was in use at the time the subject accident occurred, the identity of the other individual or parties on the cellular, wireless or mobile communication device with you, and approximately how long the device had been used for telecommunications before the subject accident occurred (in other words, how long were you on the cellular, wireless or mobile communication device before the accident occurred)?

## VERIFICATION OF ANSWERS TO INTERROGATORIES

STATE OF _____

COUNTY OF _____

      The foregoing instrument was acknowledged before me this ___ day of _____,

2022, by _____, who is personally known to me (or who has

produced as identification: _____), and who did/did not take an oath.


                                  _____

                                  DAVID ZABRISKIE

SWORN TO AND SUBSCRIBED before me this ____ day of _____, 2022.


Personally Known_____
Identification_____


_____
NOTARY PUBLIC

Serial No.:
My Commission Expires:

CASE NO.:
DIVISION:

PETE KLONARIS,

      Plaintiff,

vs.

DAVID ZABRISKIE,

      Defendant.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT

COMES NOW, the Plaintiff, PETE KLONARIS, by and through the undersigned counsel, and hereby requests, pursuant to Fla.R.Civ.P. Rule 1.350, that the Defendant, DAVID ZABRISKIE, produce and permit the Plaintiff to inspect and to copy each of the following documents and tangible things in accordance with the aforesaid Rule:

1. A copy of the title to the vehicle Defendant was driving at the time in question.

2. Any and all photographs that Defendant has of either vehicle in question following the collision.

3. A copy of any damage appraisal made of the Defendant's vehicle.

4. Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including specifically and without limitation any liability insurance policy covering the Defendant or the automobile being driven by the Defendant at the time in question.

5. Copies of any and all statements previously made by the Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

2022 30229 CICI

6. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

7. A copy of any surveillance movies or photographs which have been made of Plaintiff.

8. Copies of any witness statements relevant to the subject motor vehicle collision.

9. A copy of any repair invoices of the Defendant's vehicle.

10. A copy of the Defendant's entire Facebook account for one (1) year prior to the subject motor vehicle collision as described in the Complaint, up to and through the time of production, or electronic access thereto.

It is requested that the aforesaid production be made within forty-five (45) days of this date at the offices of RUE & ZIFFRA, 632 Dunlawton Avenue, Port Orange, Florida, 32127. Inspection will be made by visual observation, examination and/or copying.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished together with the Complaint herein.

RUE & ZIFFRA

Allan L. Ziffra, Esquire
632 Dunlawton Avenue
Port Orange, FL 32127
Phone: (386) 788-7700
FBN: 0749265
Primary email: aziffra@rueziffra.com
                     amberm@rueziffra.com
Attorney for the Plaintiff

IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT, IN AND FOR
VOLUSIA COUNTY, FLORIDA

CASE NO.:
DIVISION:

PETE KLONARIS,

      Plaintiff,

vs.

DAVID ZABRISKIE,

      Defendant.

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS

      The Plaintiff, PETE KLONARIS, by and through the undersigned attorney, and pursuant to Rule 1.370, Florida Rules of Civil Procedure, hereby requests that the Defendant, DAVID ZABRISKIE, admit the following within thirty (30) days from this date:

      1.    Admit that the Defendant, DAVID ZABRISKIE was negligent in the operation of the motor vehicle he was operating on February 23, 2020, which is the subject matter of this lawsuit.

      2.    Admit that Defendant, DAVID ZABRISKIE negligence in the operation of the motor vehicle on February 23, 2020, caused or contributed to the cause of the accident, which is the subject matter of this lawsuit.

      3.    Admit that the negligence of the Defendant, DAVID ZABRISKIE was a legal cause of loss, injury or damage to the Plaintiff, PETE KLONARIS.

      4.    Admit that the Plaintiff, PETE KLONARIS incurred medical treatment as a result of the accident subject of this case.

      5.    Admit that the Plaintiff, PETE KLONARIS sustained a permanent injury within a reasonable degree of medical probability a result of the accident subject of this case.

2022 30229 CICI

6. Admit that the Plaintiff, PETE KLONARIS suffered either a permanent injury or a permanent aggravation of a pre-existing condition as a result of the accident subject of this case.

7. Admit that the Plaintiff, PETE KLONARIS is not comparatively negligent for the cause of this subject accident.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished together with the Complaint herein.

RUE & ZIFFRA

Allan L. Ziffra, Esquire
632 Dunlawton Avenue
Port Orange, FL 32127
Phone: (386) 788-7700
FBN: 0749265
Primary email: aziffra@rueziffra.com
                        amberm@rueziffra.com
Attorney for the Plaintiff

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
VOLUSIA COUNTY, FLORIDA

CASE NO.
DIVISION:

PETE KLONARIS,

      Plaintiffs,

v.

DAVID ZABRISKIE,

      Defendant.

_____/

## NOTICE OF SERVICE OF CASE MANAGEMENT ORDER

COME NOW, Plaintiff, PETE KLONARIS, by and through the undersigned attorney, and

provide notice of service of the attached Case Management Order pursuant to CV███████████,

with original service of process of the Complaint herein.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served

together with the Complaint herein.

RUE & ZIFFRA

_____
Allan L. Ziffra, Esquire
632 Dunlawton Avenue
Port Orange, FL 32127
Phone: (386) 788-7700
FBN: 0749265
Email: aziffra@rueziffra.com
        amberm@rueziffra.com
Attorney for the Plaintiff

**Exhibit A**

# IN THE CIRCUIT/COUNTY COURT OF FLORIDA, SEVENTH JUDICIAL CIRCUIT, IN AND FOR ___VOLUSIA___ COUNTY, FLORIDA

## CASE MANAGEMENT ORDER

**IMPORTANT- This Order contains important deadlines that must be complied with or sanctions may result.**

This Case Management Order is issued in accordance with Administrative Orders of the Florida Supreme Court and Seventh Judicial Circuit Court.

## A.    CASE DESIGNATION

Civil cases in which trials by jury are demanded are designated as "General". All other civil cases are designated as "Streamlined". Cases subsequently designated as "Complex" pursuant to Rule 1.201, Fla. R. Civ. P., are exempted from the requirements of this Order and will follow the procedures outlined in the Rule.

## B.    PROJECTED TRIAL DATE

For "General" cases the *projected* docket sounding and trial dates will be eighteen (18) months from case filing, or twelve (12) months from the date of this Order, whichever date is later. For "Streamlined" cases, the *projected* docket sounding and trial dates will be twelve (12) months from case filing, or six (6) months from the date of this Order, whichever date is later. The parties are expected to be ready to try this case by this deadline.

## C.    SERVICE OF PROCESS

Plaintiff(s) are required to serve each defendant with initial process no later than 120 days from case filing or sixty (60) days from the date this Order is issued, whichever date is later. Motions for extension of time to complete service of process must be filed no later than ten (10) days prior to expiration of the initial time period for service. In its discretion, the presiding judge may grant plaintiff(s) an additional ninety (90) days to serve any remaining defendant(s). After the expiration of the time for service, including any extensions, any unserved defendant(s) will be dropped from the action, or the case will be dismissed without prejudice, as appropriate.

## D.    ADDING NEW PARTIES

The deadline for adding new parties to an action is ninety (90) days after the completion of service of process on the initial defendants or sixty (60) days from the date this Order is issued, whichever date is later.

## E.    OBJECTIONS TO PLEADINGS

Objections to pleadings must be filed no later than twenty (20) days from the date the pleading is served upon the objecting party. Any objection not timely scheduled for hearing may be deemed waived or abandoned.

## F.   COMPLETION OF DISCOVERY

All discovery is to be completed according to the following schedule:

| Action or Event | General | Streamlined |
|---|---|---|
| Disclosure of expert witnesses | 75 days before docket sounding for parties seeking affirmative relief; 60 days before docket sounding for parties not seeking affirmative relief | 75 days before docket sounding for parties seeking affirmative relief; 60 days before docket sounding for parties not seeking affirmative relief |
| Disclosure of fact witnesses | 60 days before docket sounding | 60 days before docket sounding |
| Service of written discovery requests | 45 days before docket sounding | 45 days before docket sounding |
| All other discovery to be completed | 10 days before docket sounding | 10 days before docket sounding |

## G.   PRETRIAL MOTIONS

All pretrial motions must be filed no later than thirty (30) days prior to the trial date. Pretrial motions filed within thirty (30) days of trial will not be considered if predicated on matters the movant knew, or should have known with the exercise of reasonable diligence, at least thirty (30) days prior to the trial date. Because of busy court calendars, hearing time may not be available to consider motions filed close to the deadline. The inability of a party to obtain hearing time will generally not constitute grounds for a continuance of the trial.

## H.   MEDIATION

Unless excused by the Court, or excluded pursuant to Rule 1.710(b), Fla. R. Civ. P., mediation is to be conducted in all cases. Mediation must be concluded and a report filed prior to docket sounding.

## I.   SERVICE OF THIS ORDER

- For cases filed on or before April 30, 2021, plaintiff is required to serve a copy of this Order on all other parties and file a notice of service with the Clerk within 30 days of the date of its issuance.
- For cases filed after April 30, 2021, plaintiff is required to serve a copy of this Order on all other parties together with service of process, or in the manner prescribed in Fla. R. Civ. P. 1.080.

## J.   EXTENSIONS AND CONTINUANCES

The Court hereby adopts a firm continuance policy in this matter and will only extend deadlines set forth in this Order upon a showing of good cause.

## K.   SANCTIONS

Failure to comply with the terms of this Order may result in sanctions against the offending party.

## IN THE CIRCUIT/COUNTY COURT IN AND FOR VOLUSIA COUNTY, FLORIDA

**Judge** : Mary G. Jolley - Div. 32
**Case No** : 2022 30229 CICI

PETE KLONARIS                    -vs-                    DAVID ZABRISKIE
**Plaintiff(s),**                                        **Defendant(s).**

### SUMMONS

### THE STATE OF FLORIDA:
### TO EACH SHERIFF OF THE STATE:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in the above styled cause upon the defendant(s):

```
DAVID ZABRISKIE
24 HAYES STREET
LAKE PLACID, NY 82456
```

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken, without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's attorney" named below:

```
ALLAN L ZIFFRA
RUE & ZIFFRA
632 DUNLAWTON AVE
PORT ORANGE, FL 32127
```

**DATED : February 21, 2022**

fwd to pltfs atty via eservice for SOP

**LAURA E. ROTH**
**CLERK OF CIRCUIT/COUNTY COURT**
2/21/2022 11:22:48 AM 2022 30229 CICI
2/21/2022 11:22:48 AM 2022 30229 CICI
2/21/2022 11:22:48 AM 2022 30229 CICI

**By :** Laura E Smith**, Deputy Clerk**

CL-0374-1612                                (See reverse side for Spanish and French portion.)

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de centribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucum preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un servcie de reference d'avocats ou a un bureau d'assitsance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expediere une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

### ADDRESS OF THE CLERK OF THE CIRCUIT COURT

LAURA E. ROTH
CLERK OF THE COURT
P.O. BOX 6043
DELAND, FL 32721-6043

If English is not your native language and you need assistance understanding the court's proceedings, you will need to bring someone to interpret for you as this service is not provided by the court.

Si el inglés no es su lengua materna y va a necesitar ayuda para entender el proceso judicial, tendrá que traer a alguien para que le interprete ya que el tribunal no ofrece este servicio.

C▬▬▬▬

## IN THE CIRCUIT/COUNTY COURT OF FLORIDA, SEVENTH JUDICIAL CIRCUIT, IN AND FOR VOLUSIA COUNTY, FLORIDA

### CASE MANAGEMENT ORDER

**IMPORTANT- This Order contains important deadlines that must be complied with or sanctions may result.**

This Case Management Order is issued in accordance with Administrative Orders of the Florida Supreme Court and Seventh Judicial Circuit Court.

### A.    CASE DESIGNATION

Civil cases in which trials by jury are demanded are designated as "General". All other civil cases are designated as "Streamlined". Cases subsequently designated as "Complex" pursuant to Rule 1.201, Fla. R. Civ. P., are exempted from the requirements of this Order and will follow the procedures outlined in the Rule.

### B.    PROJECTED TRIAL DATE

For "General" cases the *projected* docket sounding and trial dates will be eighteen (18) months from case filing, or twelve (12) months from the date of this Order, whichever date is later. For "Streamlined" cases, the *projected* docket sounding and trial dates will be twelve (12) months from case filing, or six (6) months from the date of this Order, whichever date is later. The parties are expected to be ready to try this case by this deadline.

### C.    SERVICE OF PROCESS

Plaintiff(s) are required to serve each defendant with initial process no later than 120 days from case filing or sixty (60) days from the date this Order is issued, whichever date is later. Motions for extension of time to complete service of process must be filed no later than ten (10) days prior to expiration of the initial time period for service. In its discretion, the presiding judge may grant plaintiff(s) an additional ninety (90) days to serve any remaining defendant(s). After the expiration of the time for service, including any extensions, any unserved defendant(s) will be dropped from the action, or the case will be dismissed without prejudice, as appropriate.

### D.    ADDING NEW PARTIES

The deadline for adding new parties to an action is ninety (90) days after the completion of service of process on the initial defendants or sixty (60) days from the date this Order is issued, whichever date is later.

### E.    OBJECTIONS TO PLEADINGS

Objections to pleadings must be filed no later than twenty (20) days from the date the pleading is served upon the objecting party. Any objection not timely scheduled for hearing may be deemed waived or abandoned.

## F.    COMPLETION OF DISCOVERY

All discovery is to be completed according to the following schedule:

| Action or Event | General | Streamlined |
|---|---|---|
| Disclosure of expert witnesses | 75 days before docket sounding for parties seeking affirmative relief; 60 days before docket sounding for parties not seeking affirmative relief | 75 days before docket sounding for parties seeking affirmative relief; 60 days before docket sounding for parties not seeking affirmative relief |
| Disclosure of fact witnesses | 60 days before docket sounding | 60 days before docket sounding |
| Service of written discovery requests | 45 days before docket sounding | 45 days before docket sounding |
| All other discovery to be completed | 10 days before docket sounding | 10 days before docket sounding |

## G.    PRETRIAL MOTIONS

All pretrial motions must be filed no later than thirty (30) days prior to the trial date. Pretrial motions filed within thirty (30) days of trial will not be considered if predicated on matters the movant knew, or should have known with the exercise of reasonable diligence, at least thirty (30) days prior to the trial date. Because of busy court calendars, hearing time may not be available to consider motions filed close to the deadline. The inability of a party to obtain hearing time will generally not constitute grounds for a continuance of the trial.

## H.    MEDIATION

Unless excused by the Court, or excluded pursuant to Rule 1.710(b), Fla. R. Civ. P., mediation is to be conducted in all cases. Mediation must be concluded and a report filed prior to docket sounding.

## I.    SERVICE OF THIS ORDER

- For cases filed on or before April 30, 2021, plaintiff is required to serve a copy of this Order on all other parties and file a notice of service with the Clerk within 30 days of the date of its issuance.
- For cases filed after April 30, 2021, plaintiff is required to serve a copy of this Order on all other parties together with service of process, or in the manner prescribed in Fla. R. Civ. P. 1.080.

## J.    EXTENSIONS AND CONTINUANCES

The Court hereby adopts a firm continuance policy in this matter and will only extend deadlines set forth in this Order upon a showing of good cause.

## K.    SANCTIONS

Failure to comply with the terms of this Order may result in sanctions against the offending party.

**IN THE CIRCUIT/COUNTY COURT IN AND FOR VOLUSIA COUNTY, FLORIDA**

**Judge** : Mary G. Jolley - Div. 32
**Case No** : 2022 30229 CICI

PETE KLONARIS                    -vs-                    DAVID ZABRISKIE
**Plaintiff(s),**                                       **Defendant(s).**

## ALIAS SUMMONS

### THE STATE OF FLORIDA:
### TO EACH SHERIFF OF THE STATE:

YOU ARE HEREBY COMMANDED to serve this ALIAS summons and a copy of the   complaint or petition in the above styled cause upon the defendant(s):

    DAVID ZABRISKIE
    15 CONCORD DRIVE
    ORMOND BEACH, FL 32176

A lawsuit has been filed against you. You have 20 calendar days after this ALIAS summons is served on you to file a written response to the attached   complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken, without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's attorney" named below:

    ALLAN L ZIFFRA
    RUE & ZIFFRA
    632 DUNLAWTON AVE
    PORT ORANGE, FL 32127

**DATED : March 25, 2022**

Fwd to Pltfs Atty via eservice for sop

**LAURA E. ROTH**
**CLERK OF CIRCUIT/COUNTY COURT**

3/25/2022 8:51:40 AM 2022 30229 CICI

3/25/2022 8:51:40 AM 2022 30229 CICI

**By :** Carey Annunziata**, Deputy Clerk**

CL-0374-1612                              (See reverse side for Spanish and French portion.)

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de centribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucum preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un servcie de reference d'avocats ou a un bureau d'assitsance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expediere une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

## ADDRESS OF THE CLERK OF THE CIRCUIT COURT

LAURA E. ROTH
CLERK OF THE COURT
P.O. BOX 6043
DELAND, FL 32721-6043

If English is not your native language and you need assistance understanding the court's proceedings, you will need to bring someone to interpret for you as this service is not provided by the court.

Si el inglés no es su lengua materna y va a necesitar ayuda para entender el proceso judicial, tendrá que traer a alguien para que le interprete ya que el tribunal no ofrece este servicio.

C

## IN THE CIRCUIT/COUNTY COURT OF FLORIDA, SEVENTH JUDICIAL CIRCUIT, IN AND FOR VOLUSIA COUNTY, FLORIDA

### CASE MANAGEMENT ORDER

**IMPORTANT- This Order contains important deadlines that must be complied with or sanctions may result.**

This Case Management Order is issued in accordance with Administrative Orders of the Florida Supreme Court and Seventh Judicial Circuit Court.

### A.    CASE DESIGNATION

Civil cases in which trials by jury are demanded are designated as "General". All other civil cases are designated as "Streamlined". Cases subsequently designated as "Complex" pursuant to Rule 1.201, Fla. R. Civ. P., are exempted from the requirements of this Order and will follow the procedures outlined in the Rule.

### B.    PROJECTED TRIAL DATE

For "General" cases the *projected* docket sounding and trial dates will be eighteen (18) months from case filing, or twelve (12) months from the date of this Order, whichever date is later. For "Streamlined" cases, the *projected* docket sounding and trial dates will be twelve (12) months from case filing, or six (6) months from the date of this Order, whichever date is later. The parties are expected to be ready to try this case by this deadline.

### C.    SERVICE OF PROCESS

Plaintiff(s) are required to serve each defendant with initial process no later than 120 days from case filing or sixty (60) days from the date this Order is issued, whichever date is later. Motions for extension of time to complete service of process must be filed no later than ten (10) days prior to expiration of the initial time period for service. In its discretion, the presiding judge may grant plaintiff(s) an additional ninety (90) days to serve any remaining defendant(s). After the expiration of the time for service, including any extensions, any unserved defendant(s) will be dropped from the action, or the case will be dismissed without prejudice, as appropriate.

### D.    ADDING NEW PARTIES

The deadline for adding new parties to an action is ninety (90) days after the completion of service of process on the initial defendants or sixty (60) days from the date this Order is issued, whichever date is later.

### E.    OBJECTIONS TO PLEADINGS

Objections to pleadings must be filed no later than twenty (20) days from the date the pleading is served upon the objecting party. Any objection not timely scheduled for hearing may be deemed waived or abandoned.

## F.   COMPLETION OF DISCOVERY

All discovery is to be completed according to the following schedule:

| Action or Event | General | Streamlined |
|---|---|---|
| Disclosure of expert witnesses | 75 days before docket sounding for parties seeking affirmative relief; 60 days before docket sounding for parties not seeking affirmative relief | 75 days before docket sounding for parties seeking affirmative relief; 60 days before docket sounding for parties not seeking affirmative relief |
| Disclosure of fact witnesses | 60 days before docket sounding | 60 days before docket sounding |
| Service of written discovery requests | 45 days before docket sounding | 45 days before docket sounding |
| All other discovery to be completed | 10 days before docket sounding | 10 days before docket sounding |

## G.   PRETRIAL MOTIONS

All pretrial motions must be filed no later than thirty (30) days prior to the trial date. Pretrial motions filed within thirty (30) days of trial will not be considered if predicated on matters the movant knew, or should have known with the exercise of reasonable diligence, at least thirty (30) days prior to the trial date. Because of busy court calendars, hearing time may not be available to consider motions filed close to the deadline. The inability of a party to obtain hearing time will generally not constitute grounds for a continuance of the trial.

## H.   MEDIATION

Unless excused by the Court, or excluded pursuant to Rule 1.710(b), Fla. R. Civ. P., mediation is to be conducted in all cases. Mediation must be concluded and a report filed prior to docket sounding.

## I.   SERVICE OF THIS ORDER

- For cases filed on or before April 30, 2021, plaintiff is required to serve a copy of this Order on all other parties and file a notice of service with the Clerk within 30 days of the date of its issuance.
- For cases filed after April 30, 2021, plaintiff is required to serve a copy of this Order on all other parties together with service of process, or in the manner prescribed in Fla. R. Civ. P. 1.080.

## J.   EXTENSIONS AND CONTINUANCES

The Court hereby adopts a firm continuance policy in this matter and will only extend deadlines set forth in this Order upon a showing of good cause.

## K.   SANCTIONS

Failure to comply with the terms of this Order may result in sanctions against the offending party.

2153536

IN THE CIRCUIT COURT OF THE 7TH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA

PETE KLONARIS,

      PLAINTIFF,

CASE NO. 2022 030229 CICI

V.

DAVID ZABRISKIE,

      DEFENDANT.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF
## EMAIL ADDRESSES IN COMPLIANCE WITH RULE 2.516

Michael Kraft hereby gives notice of appearance as attorney for Defendant, DAVID ZABRISKIE, and requests that copies of all motions, notices, and other pleadings heretofore or hereafter filed or served in this cause be furnished to the undersigned.

In accordance with the Florida Rule of Civil Procedure 1.080 and Florida Rule of Judicial Administration 2.516, Michael Kraft and the law firm of Conroy Simberg hereby designate the following email addresses:

                eservicetpa@conroysimberg.com
                mkraft@conroysimberg.com
                sjohnson@conroysimberg.com
                amcgrath@conroysimberg.com
                sengert@conroysimberg.com

I HEREBY CERTIFY that a copy hereof has been served on all Counsel of Record via the Florida E-Filing Portal on April 8, 2022.

                CONROY SIMBERG
                *Attorney for Defendant, David Zabriskie*
                201 East Kennedy Blvd., Suite 900
                Tampa, FL 33602
                Telephone:  (813) 273-6464
                Facsimile:  (813) 273-6465
                Primary Email:  eservicetpa@conroysimberg.com
                Secondary Email:  mkraft@conroysimberg.com

      By: /s/ *Michael Kraft*

                Michael Kraft, Esquire
                Florida Bar No. 85596

2153536
IN THE CIRCUIT COURT OF THE 7TH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA

PETE KLONARIS,

    PLAINTIFF,

                                   CASE NO. 2022 030229 CICI

V.

DAVID ZABRISKIE,

    DEFENDANT.

_____/

## MOTION TO COMPEL DEPOSITION OF PLAINTIFF

    Defendant, DAVID ZABRISKIE, files this Motion to Compel Deposition of Plaintiff and

as grounds states:

    1.    This matter involves a motor vehicle accident that occurred on February 23,

2020.

    2.    Plaintiff filed his Complaint on February 18, 2022.

    3.    On April 8, 2022 undersigned counsel sent a request to Plaintiff's counsel

requesting the deposition of their client.  (Exhibit A)

    4.    Plaintiff responded that the depositions need to be conducted on the same

day.  (Exhibit B)

    5.    Defendant responded that he will not agree to take them on the same day,

but offered to attempt to set them for back-to-back dates.  (Exhibit C)

    6.    On April 12, 2022 Plaintiff's counsel repeated his request his position that

they wanted the depositions on the same day.  (Exhibit D)

    7.    Undersigned repeated his position that the he does not agree to conduct

the depositions on the same date.  (Exhibit E)

8.     Undersigned counsel then spoke to Plaintiff counsel by telephone and advised him that there is no requirement that the depositions be conducted on the same day.  Undersigned also advised that since there is no travel involved and the depositions will be conducted by zoom, they can be done at any time.  Plaintiff's counsel advised undersigned that they must be taken on the same day as he will not allow undersigned counsel to prepare his client base on that testimony of the Plaintiff.

9.     The Plaintiff's position is not supported by any case law or Rule of Civil Procedure, and flies in the face of undersigned counsel's ethical obligation to adequately prepare his client for deposition.

10.    Undersigned counsel proposed that Plaintiff's deposition can begin at 9:00 A.M. and go until it is concluded, at which time a two hour break will be taken so undersigned can prepare his client for the deposition.

11.    Plaintiff's counsel refused this suggestion and insisted that undersigned counsel not be allowed to prepare his client for deposition based on what was learned in the Plaintiff's deposition.

12.    As such, the Plaintiff's counsel has refused to agree to a date for his client's deposition.

WHEREFORE, Defendant respectfully requests this Honorable Court enter an Order compelling Plaintiff's deposition, allowing for the depositions to take place on consecutive days or allowing Defendant adequate time to prepare his client, and for any such further relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been served on all Counsel of Record

via the Florida E-Filing Portal on April 12, 2022.

CONROY SIMBERG
*Attorney for Defendant, David Zabriskie*
201 East Kennedy Blvd., Suite 900
Tampa, FL 33602
Telephone:  (813) 273-6464
Facsimile:  (813) 273-6465
Primary Email:  eservicetpa@conroysimberg.com
Secondary Email:  mkraft@conroysimberg.com


By: /s/ *Michael Kraft*

Michael Kraft, Esquire
Florida Bar No. 85596

## AYM-April McGrath

| | |
|---|---|
| **From:** | AYM-April McGrath |
| **Sent:** | Friday, April 08, 2022 3:35 PM |
| **To:** | 'aziffra@rueziffra.com'; 'amberm@rueziffra.com' |
| **Subject:** | KLONARIS, PETE V. DAVID ZABRISKIE  2153536 |
| **Attachments:** | 6D74823.pdf |

Please see the attached correspondence from Mr. Kraft and provide dates for your client's deposition, to take place by Zoom in the next 45-60 days.  Thank you,

*April*



**APRIL MCGRATH**
LEGAL ASSISTANT **TO**
**MICHAEL KRAFT, ESQ.**

(813) 273-6464
(813) 209-2797 (Direct)
(813) 273-6465 (Fax)

201 East Kennedy Boulevard
Suite 900
Tampa, FL 33602

HOLLYWOOD   WEST PALM BEACH   ORLANDO   FORT MYERS   MIAMI   PENSACOLA
TALLAHASSEE   TAMPA   JACKSONVILLE   NAPLES   THOMASVILLE, GA

**We respectfully request that you send any documentation/correspondence electronically instead of via mail or fax if you are able.**

**PRIVILEGE AND CONFIDENTIALITY NOTICE:** This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. ▮▮▮▮ and may be legally privileged pursuant to Florida Statute 90.502. The contents of this e-mail message and any attachments are intended solely for the party or parties addressed and named in this message. This communication and all attachments, if any, are intended to be and to remain confidential, and it may be subject to the applicable attorney - client and or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail, delete this message and its attachments and, if the recipient is an attorney or legal assistant, please immediately comply with Florida Rule of Civil Procedure 1.285(b). Do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.  Although this E-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Conroy Simberg for damage arising in any way from its use





**MICHAEL KRAFT | PARTNER**

201 EAST KENNEDY BOULEVARD, SUITE 900
TAMPA, FL 33602
DIRECT (813) 209-2798
MAIN (813) 273-6464
FAX (813) 273-6465
mkraft@conroysimberg.com

**VIA ELECTRONIC MAIL**
April 8, 2022

Allan L. Ziffra, Esquire
Rue & Ziffra, P.A.
aziffra@rueziffra.com
amberm@rueziffra.com

Re:   KLONARIS, PETE V. DAVID ZABRISKIE
      Court Case No.:    2022 030229 CICI - Div 32
      Our File No.:      2153536

Dear Mr. Ziffra:

As you know, I have the pleasure of representing David Zabriskie in the above referenced matter. At your earliest opportunity, please provide dates for the deposition of Pete Klonaris.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

*Michael Kraft*

Michael Kraft

MK:acm

## AYM-April McGrath

| | |
|---|---|
| **From:** | Amber Mulvenna <AmberM@rueziffra.com> |
| **Sent:** | Friday, April 08, 2022 3:40 PM |
| **To:** | AYM-April McGrath; Allan Ziffra |
| **Cc:** | peteklonarisz6779292@projects.filevine.com |
| **Subject:** | RE: KLONARIS, PETE V. DAVID ZABRISKIE 2153536 |

**[External Email]**
Hi April,

Thanks for reaching out. We would like to depose Mr. Zabriskie on the same day as Plaintiff. Below are some dates Mr. Ziffra is available.

7/5/2022
7/6/2022
7/12/2022
7/13/2022
7/19/2022
7/26/2022
7/27/2022



*Amber Mulvenna*
**LITIGATION CASE MANAGER**

632 Dunlawton Avenue · 386-788-7700
Port Orange, FL 32127 · amberm@RueZiffra.com
Fax: 386-788-8707 · RueZiffra.com

**RUE & ZIFFRA**
*Your Local Attorneys*

---

**From:** AYM-April McGrath <amcgrath@conroysimberg.com>
**Sent:** Friday, April 8, 2022 3:35 PM
**To:** Allan Ziffra <aziffra@rueziffra.com>; Amber Mulvenna <AmberM@rueziffra.com>
**Subject:** KLONARIS, PETE V. DAVID ZABRISKIE 2153536

Please see the attached correspondence from Mr. Kraft and provide dates for your client's deposition, to take place by Zoom in the next 45-60 days. Thank you,

*April*



**APRIL MCGRATH**
LEGAL ASSISTANT **TO**
**MICHAEL KRAFT, ESQ.**

(813) 273-6464
(813) 209-2797 (Direct)
(813) 273-6465 (Fax)

201 East Kennedy Boulevard

1

Exhibit "B"

## AYM-April McGrath

| | |
|---|---|
| **From:** | AYM-April McGrath |
| **Sent:** | Friday, April 08, 2022 3:55 PM |
| **To:** | 'Amber Mulvenna'; Allan Ziffra |
| **Cc:** | peteklonarisz6779292@projects.filevine.com |
| **Subject:** | RE: KLONARIS, PETE V. DAVID ZABRISKIE  2153536 |

Hi Amber!  We cannot do the depositions on the same day, but we can certainly try for two back-to-back days.  I will reach out to Mr. Zabriskie about his availability and get back to you.

As Mr. Zabriskie is located in New York, I assume the deposition will be taken by Zoom.  If this is incorrect, please let me know as that will affect Mr. Kraft's availability.

Have a fantastic weekend,

April

April McGrath
Legal Assistant to
Michael Kraft, Esquire
Direct: (813) 209-2797

---

**From:** Amber Mulvenna [mailto:AmberM@rueziffra.com]
**Sent:** Friday, April 08, 2022 3:40 PM
**To:** AYM-April McGrath <amcgrath@conroysimberg.com>; Allan Ziffra <aziffra@rueziffra.com>
**Cc:** peteklonarisz6779292@projects.filevine.com
**Subject:** RE: KLONARIS, PETE V. DAVID ZABRISKIE 2153536

**[External Email]**
Hi April,

Thanks for reaching out. We would like to depose Mr. Zabriskie on the same day as Plaintiff. Below are some dates Mr. Ziffra is available.

7/5/2022
7/6/2022
7/12/2022
7/13/2022
7/19/2022
7/26/2022
7/27/2022

Exhibit "C"

## AYM-April McGrath

| | |
|---|---|
| **From:** | Amber Mulvenna <AmberM@rueziffra.com> |
| **Sent:** | Tuesday, April 12, 2022 9:04 AM |
| **To:** | AYM-April McGrath |
| **Cc:** | peteklonarisz6779292@projects.filevine.com |
| **Subject:** | RE: KLONARIS, PETE V. DAVID ZABRISKIE 2153536 |

**[External Email]**
Hi April,

Typically Mr. Ziffra wants the depositions to take place on the same day. He typically only needs about the MOST 2 hours if that. If we can try and squeeze both of these in on the same day that would be great. If not, I will need to get with Mr. Ziffra to see how he wants to proceed first.

Thank you!



*Amber Mulvenna*
**LITIGATION CASE MANAGER**

632 Dunlawton Avenue • 386-788-7700
Port Orange, FL 32127 • amberm@RueZiffra.com
Fax: 386-788-8707 • RueZiffra.com

**RUE & ZIFFRA**
*Your Local Attorneys*

**From:** AYM-April McGrath <amcgrath@conroysimberg.com>
**Sent:** Friday, April 8, 2022 3:55 PM
**To:** Amber Mulvenna <AmberM@rueziffra.com>; Allan Ziffra <aziffra@rueziffra.com>
**Cc:** peteklonarisz6779292@projects.filevine.com
**Subject:** RE: KLONARIS, PETE V. DAVID ZABRISKIE 2153536

Hi Amber! We cannot do the depositions on the same day, but we can certainly try for two back-to-back days. I will reach out to Mr. Zabriskie about his availability and get back to you.

As Mr. Zabriskie is located in New York, I assume the deposition will be taken by Zoom. If this is incorrect, please let me know as that will affect Mr. Kraft's availability.

Have a fantastic weekend,

April
April McGrath
Legal Assistant to
Michael Kraft, Esquire
Direct: (813) 209-2797

1

Exhibit "D"

## AYM-April McGrath

| | |
|---|---|
| **From:** | AYM-April McGrath |
| **Sent:** | Tuesday, April 12, 2022 9:06 AM |
| **To:** | 'Amber Mulvenna' |
| **Cc:** | peteklonarisz6779292@projects.filevine.com |
| **Subject:** | RE: KLONARIS, PETE V. DAVID ZABRISKIE  2153536 |

Mr. Kraft will not agree to do them on the same date.

April

April McGrath
Legal Assistant to
Michael Kraft, Esquire
Direct: (813) 209-2797

---

**From:** Amber Mulvenna [mailto:AmberM@rueziffra.com]
**Sent:** Tuesday, April 12, 2022 9:04 AM
**To:** AYM-April McGrath <amcgrath@conroysimberg.com>
**Cc:** peteklonarisz6779292@projects.filevine.com
**Subject:** RE: KLONARIS, PETE V. DAVID ZABRISKIE 2153536

**[External Email]**
Hi April,

Typically Mr. Ziffra wants the depositions to take place on the same day. He typically only needs about the MOST 2 hours if that. If we can try and squeeze both of these in on the same day that would be great. If not, I will need to get with Mr. Ziffra to see how he wants to proceed first.

Thank you!



Amber Mulvenna
**LITIGATION CASE MANAGER**

632 Dunlawton Avenue ·
Port Orange, FL 32127 · amberm@RueZiffra.com
Fax: 386-788-8707 · RueZiffra.com

RUE & ZIFFRA
ON YOUR SIDE
Your Local Attorneys

**From:** AYM-April McGrath <amcgrath@conroysimberg.com>
**Sent:** Friday, April 8, 2022 3:55 PM
**To:** Amber Mulvenna <AmberM@rueziffra.com>; Allan Ziffra <aziffra@rueziffra.com>
**Cc:** peteklonarisz6779292@projects.filevine.com
**Subject:** RE: KLONARIS, PETE V. DAVID ZABRISKIE 2153536

Exhibit "E"